UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CR-20058 |
| ) | |
| SHAY CHRISTOPHER GREENE ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Pending before the Court are various Motions from Defendant Shay Christopher Greene requesting immediate release and requesting that he begin supervised release in the District of Kansas rather than the Central District of Illinois. ECF Nos. 47, 48, 49. For the reasons stated below, Defendant's Motions are DENIED.

## BACKGROUND

Defendant's interaction with the federal system initially began in 2019 when he was indicted for one Count of Failure to Register as a sex offender under the Sex Offender Registration and Notification Act. ECF No. 10. His underlying Tennessee State conviction that triggered his registration requirement was for Sexual Exploitation of a Minor. ECF No. 21 at 4. Defendant was sentenced for the Tennessee offense on December 13, 2018 and released March 13, 2019. He initially registered on March 14, 2019 but apparently left the state by May of 2019 and failed to register for several months. Accordingly, he was charged federally and on June 16, 2020, this Court sentenced him to 15 months incarceration. ECF No 23. Defendant was release from federal custody on December 23, 2021. ECF No. 41 at 2.

Petitioner is currently incarcerated for escape and failure to reside in a residential reentry center while he was on supervised release. ECF No. 44. When Petitioner was released from federal custody, the District of Kansas supervised him as a courtesy because he lacked ties to the Central District of Illinois. He started one reentry program for recently released prisoners but was terminated after a few months for failing to comply with the rules of his facility. ECF No. 41 at 3. The facility allowed him to stay until he found alternative arrangements and on March 8, 2022, he moved to a second reentry program. Ten days later, on March 18, 2022, Petitioner left the center with his belongings and without permission. *Id*. His whereabouts became unknown to the U.S. Probation Office, and he stopped attending his sex offender group. Petitioner also failed to update his sex offender registry on April 30, 2022, as required by Kansas law. *Id*. The U.S. Marshal's Office arrested Defendant on May 6, 2022. *Id*. Defendant pleaded guilty to the violation and this Court revoked his supervised release, sentencing him to 10 months imprisonment. ECF No. 44.

Defendant now asserts that he should immediately be released from custody because he states that he has been subjected to threats from other inmates requiring that he be in protective custody. He further asserts that he should not be housed with another inmate. He also complains about the lockdowns and limited calls that he is allowed to receive and about mold in the jail. Accordingly, he requests that the Court reduce his sentence or immediately release him. ECF Nos. 47, 48.

## LEGAL STANDARD

Generally, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). Several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. *See* 18 U.S.C. § 3528(c)(1)(A) .

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id*. The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

3

## ANALYSIS

Defendant asserts that he sent letters to the Regional Director for BOP and the Director of BOP regarding his complaints. He does not assert, however, that he requested that BOP file a motion on his behalf for compassionate release and "fully exhausted his administrative rights to appeal" or that thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Accordingly, it is not clear that Defendant has fully exhausted his administrative remedies. Moreover, the Court would otherwise not be inclined to grant his motion on the merits.

Defendant states that he is particularly concerned that he is at risk due to the nature of his offense and has also expressed concern about black mold. Defendant asserts that he should be in protective custody and objects to having a bunkmate. Defendant does not cite particular threats or clearly explain why he has an issue with his current bunkmate. Regardless, these are complaints that should go through the jail's grievance process. The Court is not persuaded that Defendant has set forth allegations that would otherwise qualify as an "extraordinary and compelling" reason to justify early release.

Moreover, considering the factors listed in 18 U.S.C. § 3553(a), the Court would otherwise not release Defendant early. Defendant has repeatedly shown himself untrustworthy while on supervised release. His underlying offense is for failure to register as a sex offender which occurred mere months after he was released from Tennessee State prison. His violation of supervised release was for absconding from a halfway house. He had already been terminated from the first reentry program due to his failure to comply with the rules. Accordingly, this was his second chance at a reentry program, and he absconded. The Court also sentenced Petitioner on the lower end of the 8–14-month sentencing guideline by sentencing him to 10 months. While Petitioner does not have

much time left on his sentence, his history while on supervised release weighs against early release. The fact that there is little time left on a sentence does not weigh in favor of release given that the general rule is that courts may not modify a sentence once imposed. Given the nature and history of Defendant's untrustworthiness and the need to protect the public and deter further crimes, the Court would otherwise find release inappropriate under the factors listed in 18 U.S.C. § 3553(a).

## SUPERVISED RELEASE TRANSFER REQUEST

As to Defendant's request that his supervision be transferred to the District of Kansas, 18 U.S. Code § 3605 gives the court that imposed the sentence the ability to transfer jurisdiction over a probationer to another district in certain cases. This section applies to persons "on supervised release." 18 U.S. Code § 3605. Since Defendant is not on supervised release and is currently incarcerated, he should explore his options with his BOP case manager. However, the Court is unable to assist Defendant with this request before he is released to supervision. Defendant can renew this request upon release, if necessary, but his request is DENIED for the time being.

## CONCLUSION

For the reasons stated above, Defendant's Motions [47] and [48] for Release are DENIED. Defendant's Motion to Transfer Supervised Release [50], is also DENIED.

ENTERED this 9th day of February, 2023.

/s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge